IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff.<br><br>v.<br><br><br>**JULIAN ABREU**<br>Defendant. | **CRIMINAL NO. 25-193 (FAB)** |

<u>**SENTENCING MEMORANDUM OF THE UNITED STATES**</u>

**TO THE HONORABLE COURT:**

 COMES NOW, the United States of America, by and through its undersigned counsel, very respectfully submits its position as to the sentence that should be imposed on Defendant Julian Abreu at the sentencing hearing.

 On May 15, 2025, the Defendant Julian Abreu, pled guilty via a straight plea to Count One of the Indictment which charges him with illegal re-entry after deportation, subsequent to an aggravated felony conviction, in violation of Title 8 U.S.C. sections 1326(a) and (b)(2). For the reasons set forth below, and after due consideration of the relevant factors enumerated in 18 U.S.C. §3553(a), the United States will recommend that Defendant be sentenced to 8 months of imprisonment, followed by a term of three years of supervised release.

**Factual and Procedural Background**

On March 19, 2025, defendant Julian Abreu was apprehended by the U.S. Customs and Border Protection Officers at the Luis Muñoz International Airport in Carolina, Puerto Rico attempting to board Sky High Airlines flight number 0976, bound to the city of Santo Domingo, Dominican Republic. During the inspection conducted by the U.S. Customs and Border Protection Officers, Julian Abreu claimed to be a citizen of the Dominican Republic. Since he did not have evidence of a legal stay in the United States, Julian Abreu was referred for further inspection. During this process, the defendant's fingerprints were submitted to the Federal Bureau of Investigation ("FBI") for examination and comparison. This examination disclosed a match to an FBI record which revealed the following as to Julian Abreu's prior criminal and immigration history:

(i) On April 29, 1997, Julian Abreu was arrested by the Puerto Rico Police Department in Bayamon, Puerto Rico for Domestic Violence and Firearms Law charges in violation of Law No. 54 Art. 3.3, 3rd degree, Law No. 54 Art. 3.2, and Law No. 17, Art. 4.

(ii) On June 11, 1997, Julian Abreu was convicted at the First Instance Court in Bayamon, Puerto Rico, pursuant to a guilty plea for the crimes of Domestic Violence and Firearms Law in violation of Law No. 54 Art. 3.3, 3rd degree, Law No. 54 Art 3.1 (reduced) and Law No. 17, Art. 4. He was sentenced to 1 year of imprisonment for each charge to be served

concurrently.

(iii)   On November 26, 1997, the Defendant was ordered removed by an Immigration Judge following an aggravated felony conviction.

(iv)   On December 2, 1997, the Defendant was physically removed from the United States from San Juan, Puerto Rico to the Dominican Republic.

(v)   In the year 2001, Julian Abreu was arrested in Boston, Massachusetts by the Massachusetts State Police for cocaine trafficking.

(vi)   On September 12, 2001, a Notice of Intent/Decision to Reinstate Prior Order of Deportation Form I-871 was issued to Julian Abreu in Boston, Massachusetts. On January 5, 2002, Julian Abreu was physically removed from the United States from Boston, Massachusetts to the Dominican Republic.

(vii)   On September 8, 2019, Julian Abreu was encountered by U.S. Border Patrol Agents attempting to enter the United States by "yawl" ("yola") at a port and at a time not designated by the Attorney General, or his successor the Secretary of Homeland Security.

(viii)   On September 10, 2019, a Notice and Order of Expedited Removal was issued against Julian Abreu.

(ix)   On January 22, 2020, Julian Abreu was convicted of violating 8 U.S.C. §1326(a) and (b)(2) and sentenced to time served and a supervised release of three years (Case No. 19-589 (RAM)).

(x) On March 17, 2020, Julian Abreu was physically removed to the Dominican Republic from San Juan, Puerto Rico.

**Sentencing Considerations**

Pursuant to the Abbreviated Pre-Sentence Investigation Report (PSR) at ECF No. 24, the Defendant is a total offense level of 10, with a Criminal History Category of II, resulting in a guideline imprisonment range of 8-14 months. The Defendant has been previously removed from the United States three times, this would be his fourth time being removed from the United States. This is Defendant's second federal criminal conviction in violation of 8 U.S.C. § 1326(a) and (b)(2) (ECF No. 24, p. 7). For the first federal criminal conviction, the Defendant was sentenced on January 22, 2020, to time served which was approximately four months and a half.

**Sentencing Recommendation**

The United States requests that the defendant be sentenced to a term of imprisonment of eight months, followed by a term of three years of supervised release. This sentence is sufficient, but not greater than necessary when considering the defendant's history and characteristics, the nature and circumstances of this offense, as well as the remaining 3553 factors. Further, the sentence balances the need to protect the public against further crimes by Defendant against Defendant's personal characteristics.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 21st day of May, 2025.

W. STEPHEN MULDROW
United States Attorney

/s/ *Madeline M. Mas Saavedra*
**Madeline M. Mas Saavedra**
Assistant U.S. Attorney
USDC-PR 227411
U.S. Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, PR 00918
Tel. (787) 772-3904
madeline.mas.saavedra@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date a true and exact copy of the foregoing motion has been filed with the Clerk of the Court who would notify to the attorneys of record in this case.

/s/ *Madeline M. Mas Saavedra*
**Madeline M. Mas Saavedra**
Assistant U.S. Attorney
USDC-PR 227411
U.S. Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, PR 00918
Tel. (787) 772-3904
madeline.mas.saavedra@usdoj.gov